1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CARITAS ACQUISITIONS I, LLC dba          No.  2:15-cv-2668 TLN KJN PS
     CASA GRANDED MOBILE HOME
12   PARK,

13                Plaintiff,              **ORDER REMANDING CASE**

14         v.

15   CLIFFORD COX aka WESLEY C. COX

16                Defendant.

17

18         This matter is before the Court pursuant to Defendant Clifford Cox's ("Cox") Notice of

19   Removal.  (ECF No. 1.)  Cox is a defendant in a state court matter and erroneously identifies

20   himself as the plaintiff for purposes of his removal.  For the reasons set forth below, the Court

21   hereby remands the action to the Superior Court of California, County of Solano, due to lack of

22   subject-matter jurisdiction.

23   **I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

24         On or about March 1, 2004, Cox and Plaintiff Casa Grande Mobile Home Park ("Park")

25   entered into a yearly lease agreement for the homesite known as space 74 Del Luz Court.

26   (Compl., Ex. 1, ECF No. 1.)  On August 12, 2015, Park filed a complaint in state court alleging

27   unlawful detainer and past rents in an amount of $2765.20 and asserting a claim for attorney's

28   fees as well as utility fees totaling $1337.99.  (ECF No. 1.)  Park served Cox a three-day written

                                            1

1    notice to vacate the Property and deliver up possession of the Property, in accordance with Cal.

2    Civ. Pro. Code § 1162.  (ECF No. 1.)  In response, Cox removed this matter to federal court on

3    December 24, 2015.  (ECF No. 1.)  In addition, Cox moves for in forma pauperis status because

4    he asserts that he is unable to pay the filing fees.  (ECF No. 2.)

5    ## II.    STANDARD OF LAW

6        28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the

7    district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Removal is

8    proper only if the court could have exercised jurisdiction over the action had it originally been

9    filed in federal court."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

10       Courts "strictly construe the removal statute against removal jurisdiction," and "the

11   defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980

12   F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time

13   determines that it lacks subject matter jurisdiction over the removed action, it must remedy the

14   improvident grant of removal by remanding the action to state court."  *California ex rel. Lockyer

15   v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544

16   U.S. 974 (2005).

17       The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded

18   complaint rule,' which provides that federal jurisdiction exists only when a federal question is

19   presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 386.

20   Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a

21   federal question, whether filed in state court or federal court.  *See Vaden v. Discover Bank*, 556

22   U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

23   ## III.    ANALYSIS

24       Cox states in his removal that jurisdiction is proper under: 28 U.S.C. § 1441 (a) or (b); 28

25   U.S.C. § 1367; and California Civil Code § 1954.31.  Cox does not give any reasons as to why

26   jurisdiction is proper under these statutes.  After reviewing the briefing, the Court concludes that

27   Cox cannot present a viable argument to support federal jurisdiction.

28       Section 1441(a) allows for removal where a complaint presents a federal question, while

1    section 1441(b) allows for removal where diversity jurisdiction is met under section 1332.  Here,

2    there is not a federal cause of action that would supply this court with original jurisdiction.  *See*

3    *Caterpillar*, 482 U.S. at 386 ("federal [question] jurisdiction exists only when a federal question

4    is presented on the face of the plaintiff's properly pleaded complaint").  Park does not bring any

5    claims within its complaint that involve a federal question.  In fact, all of Park's claims are based

6    on California state contract law.  Furthermore, Cox cannot satisfy the requirements for diversity

7    jurisdiction under section 1332.

8         Section 1332 states that "[t]he district courts shall have original jurisdiction of all civil

9    actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

10   and costs, and is between—(1) citizens of different States."  Cox does not assert that the parties

11   are citizens of different states or that the amount in controversy exceeds $75,000.

12        The burden of proving the amount in controversy depends on what the plaintiff has

13   pleaded.  *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998, 1000 (9th Cir. 2007).  When

14   the complaint alleges damages less than the jurisdictional requirement, the party seeking removal

15   must prove the amount in controversy with legal certainty.  *Id.*; *Rynearson v. Motricity, Inc.*, 601

16   F. Supp. 2d 1238, 1240 (W.D. Wash. 2009).  Cox fails to allege a reason to support the propriety

17   of removal on this basis.  The complaint alleges damages calculated at $18.18 per day for the time

18   period that Defendants fail to vacate the premises, and asserts that the damages at this time are

19   somewhere in the neighborhood of $4,103.19 plus attorney's fees.  Thus, Cox has failed to

20   establish his burden of showing that jurisdiction before this Court is proper.  Therefore, it is

21   appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction.  *See United Investors*

22   *Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a

23   duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the

24   parties raised the issue or not.").

25   **IV.    CONCLUSION**

26        For the foregoing reasons, the Court hereby remands the action to the Superior Court of

27   California, County of Solano.  Additionally, the Court has reviewed Cox's motion for in forma

28   ///

1  pauperis status (ECF No. 2) and finds that Cox meets the requisite standard.  As such, Cox's

2  motion for in forma pauperis status is granted.

3       IT IS SO ORDERED.

4  Dated:  January 6, 2016

5

6  _____

7       Troy L. Nunley
        United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28